## Davison v. Whitemarsh Township

*William L. O'Hey*, for plaintiffs.

*Elmer L. Menges*, for defendants.

FORREST, P. J., February 28, 1963.—This matter is before us on preliminary objections to a complaint alleging that ordinance no. 158, amending the zoning map of Whitemarsh Township, is invalid. Defendant, a township of the second class, contends that the alleged defects in the enactment of the ordinances

relate to procedures and regulations provided in the zoning ordinance which are stricter than those provided in the Second Class Township Code and which, hence, are directory only and not mandatory.

The alleged defects may be summarized as follows:

1. The application for amendment of the zoning ordinance fails to contain certain information required by the section of the zoning ordinance relating to such applications.

2. The application contained certain false or misleading statements.

3. The time and place of public hearing on the amendment was not fixed by resolution of the board of supervisors adopted at one of their meetings.

4. The posted notice of public hearing was erroneous in stating that the purpose of the hearing was to consider changing the zoning from AA-Residential to Limited Industrial, when, as a matter of fact, the original zoning was AAA-Residential.

5. The hearing was defective in that residents of Philadelphia, in the area adjacent to the rezoned tract, were not permitted to testify against the amendment.

6. The advertisement of the consideration of the adoption of the ordinance was defective in failing to contain the zoning map or to state where the map was filed and could be examined.

The Second Class Township Code of May 1, 1933, P. L. 103, sec. 2002, as added by the Act of July 10, 1947, P. L. 1481, sec. 47, 53 PS §67002 is pertinent. This provides:

"(b) The supervisors shall provide, by ordinance, the manner in which the boundaries of such districts shall be determined and established, and from time to time amended or changed. However, no such boundary shall become effective until after public hearing in relation thereto at which parties in interest and citizens

shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in such township."

The procedural provisions of the zoning ordinance are directory, not mandatory, insofar as they require particular action which is not specifically or impliedly mandated by the Second Class Township Code. The supervisors of Whitemarsh Township did all that was required to validate the ordinance if they complied with that Code: Putney v. Abington Township, 176 Pa. Superior Ct. 463 (1954); Rogers v. Whitemarsh Township, 80 Montg. 271 (1962). In the companion case, Meigs v. Township of Whitemarsh, plaintiffs contend that the supervisors are bound by section 200 of their own zoning ordinance, supra, which provides that the word "shall", as used in the ordinance, "is always mandatory."

As applied to the township supervisors, this contention cannot prevail; otherwise, township supervisors by ordinance could put such limitations upon their powers and upon the powers of their successors as to prevent the exercise of legislative discretion with which they are invested by the enabling act. The cases relied upon in the brief for plaintiff in the Meigs case, supra, are readily distinguishable. Thus, in Crane's Appeal, 344 Pa. 624 (1942), "shall" was construed as mandatory, but that case related to an act of assembly, not to an ordinance. In Morrisville Shopping Center, Inc. v. Morrisville Borough No. 2, 8 Bucks 177 (1958), the Bucks County court concluded that the failure to comply with the procedural requirements of an ordinance invalidated the ordinance, whether or not those requirements were mandated in the enabling act. However, we are of the opinion that the Putney case, supra, settled the law otherwise.

For the above reason, plaintiffs' first, second and third contentions mentioned at the outset of this opinion are unmeritorious, having reference only to requirements specified in the ordinance and not in the enabling act.

Likewise, plaintiffs' fourth contention lacks merit. It relates to a provision of the ordinance which is not mandated by the enabling act. The act, supra, requires that notice of time and place be published in a newspaper of general circulation in the township and not otherwise. Even if, contrary to the act, posting were required, the notice which was posted plainly stated the place and time of the hearing, the land proposed to be rezoned and the proposed rezoning from "AA-Residential to Limited Industrial." The only error in the posted notice was in stating the present zoning was AA-Residential instead of AAA-Residential and we think that this error was in no wise prejudicial to plaintiffs, or to anyone else.

Fifth, plaintiffs Davison and Kinley, who are non-residents of the township, but who own property in Philadelphia, adjacent to that sought to be rezoned, contend that they are "parties in interest and citizens" within the meaning of section 2002 of the Second Class Township Code, supra, and that the board of supervisors at the public hearing on the amendment of the zoning ordinance improperly denied their request for an opportunity to testify and be heard. Supervisors of townships of the second class are empowered to enact and amend zoning ordinances for the purpose of promoting health, safety, morals and the general welfare of *such townships*: Second Class Township Code of May 1, 1933, P. L. 103, sec. 2001, as amended, 53 PS §67001. The Whitemarsh Township Zoning Ordinance, section 101, provides that it is "enacted for the purpose of promoting the health, safety, morals and the

general welfare of the township." The testimony of objectors not living or owning property in the township presumably would relate to the health, safety, morals and general welfare of the objectors or of the other municipality, and we deem it within the discretion of the supervisors to exclude the same.

In a companion case, Meigs v. Township of Whitemarsh, plaintiffs cite Wynnewood Civic Association v. Lower Merion Township, 180 Pa. Superior Ct. 453 (1956), as authority for the proposition that anyone is a "party in interest" when the enforcement of a zoning ordinance affects his property. The opinion in Wynnewood Civic Assn. case, supra, is directed to the scope of the issues on appeals to the court of quarter sessions from the enactment of zoning ordinances; it does not construe any section of the First Class Township Code, which is similar to section 2002 of The Second Class Township Code.

Plaintiffs also cite dictum in Borough of Cresskill v. Borough of Dumont, 15 N. J. 238, 247, 104 A. 2d 441, 445 (1954), as authority for their contention that "At the very least [the Township] owes a duty to hear any residents and taxpayers of adjoining municipalities who may be adversely affected by proposed zoning changes and to give as much consideration to their rights as they would to those of [their own] residents and taxpayers. . . ." That decision by Chief Justice Vanderbilt affirmed the decision of a trial judge who had considered the property in adjoining municipalities. Chief Justice Vanderbilt was obviously influenced by the fact that the New Jersey legislature had provided that planning should be done with due regard to neighboring territory and with the cooperation of adjacent planning agencies and that defendant borough had acted inconsiderately of the residents in plaintiff borough. The decision expressly rested upon the issue

of "spot zoning". The case was not decided on the issue of whether or not the residents of an adjoining municipality had a status to challenge the ordinance.

Finally, plaintiffs contend that the advertisement of the supervisors' intention to consider the proposed (now enacted) ordinance was defective in failing to contain the zoning map, or to state where the map is filed and may be examined. The Second Class Township Code, sec. 704, as last amended by the Act of June 19, 1961, P. L. 486, sec. 1, 53 PS §65741, provides inter alia:

"All such ordinances, . . . shall be published . . . prior to passage at least once in one newspaper circulating generally in the township. . . . In any case in which maps, plans, or drawings of any kind are adopted as part of an ordinance, the supervisors may, instead of publishing the same as part of the ordinance, refer in publishing the ordinance to the place where such maps, plans or drawings are on file and may be examined."

The ordinance no. 153 ordains that the zoning map in respect of an area, fully described therein by metes and bounds, shall be changed from AAA Residential classification to LIM—Limited Industrial District. The publication of the proposed enactment of the ordinance did not refer to any place where the zoning map or maps are on file. Plaintiffs contend that this omission invalidates the ordinance. They rely upon Fierst v. William Penn Memorial Corp., 311 Pa. 263 (1933). That case involved a township of the first class. The pertinent township code provided that all ordinances, except as otherwise provided by law, should be published; that the ordinance was ineffective until 10 days after such publication and that in lieu of publication of maps or plans which were adopted as part of an ordinance, the commissioners may refer, in publishing the ordinance, to the place where the maps or plans were

on file and might be examined. The publication of the zoning ordinance did not include the zoning map mentioned in the ordinance, nor refer to where it could be found or seen. The lower court and the Supreme Court decided that "Failure to follow the express provisions of the law as to publication made the ordinance of no effect." In the instant case, the zoning map was adopted as part of the original ordinance. The amendatory ordinance no. 153 *does not adopt* a map as part of the ordinance. It *changes* the zoning map by description by metes and bounds. Hence, the members of the public, for their protection, need not be notified of any office or place to which they must repair in order to discover the effect of the amendatory ordinance as they would have been obliged to do in the case of the original zoning ordinance.

The proper construction of section 702 of the Second Class Township Code is not crystal clear. However, we think that the correct interpretation of the legislative intent is the interpretation that obviates the useless reference to the place of filing maps and plans in cases of amendments to the zoning map, where the area being changed from one classification to another is plainly and unmistakably described in the body of the amendatory ordinance as published.

And now, February 28, 1963, the preliminary objections to the complaint are sustained and the complaint is dismissed.

Before Forrest, P. J., Honeyman and Quinlan, J. J.

*Opinion and Orders sur Rearguments of*
*Preliminary Objections to Complaints*

FORREST, P. J., April 25, 1963.—The preliminary objections to the complaints in the above captioned cases came before the writer of this opinion, presiding at the Short Arguments in February, 1963. On February 28, 1963, the preliminary objections were sustained and

the complaints were dismissed. The cases had been placed on the Short List and had been considered by only one judge, as a result of the action of the court administrator, pursuant to general order of court, and not by consent of plaintiffs. Plaintiffs petitioned for reargument to be heard by the court en banc and the petition was granted.

Plaintiffs contend that our opinions of February 28, 1963, incorrectly decided that the procedural requirements of a zoning ordinance, which are not specifically required by the pertinent township code, are directory only, and not mandatory. We relied upon Putney v. Abington Township, 176 Pa. Superior Ct. 463 (1954), as controlling authority for our decision. Plaintiffs have attempted to distinguish the ordinance in Putney case from the ordinance in the instant case. They argue that Putney merely held the ordinance was directory and that Putney does not suggest that if the ordinance had provided that certain procedure was mandatory, the court would have held it directory. In short, plaintiffs' criticism is that the word "shall" in an ordinance is mandatory, particularly where, as here, the ordinance itself so states.

This argument demonstrates a misunderstanding of the Abington Township Zoning Ordinance. Section 1401 of that ordinance provided the following procedure for amendments of the ordinance: "The Board of Commissioners . . . shall fix the time and place of a public hearing . . . and cause 15 days notice to be given . . ." in specified manner. Significantly, section 104 of the Abington Township Ordinance provided that "the word 'shall' is always mandatory."

This court specifically decided that the "additional publicity required by §1401 . . . of the Township Zoning Ordinance . . . is directory and not mandatory, and therefore, the township's failure to comply therewith does not invalidate" the ordinance: Putney v.

Abington Township, 70 Montg. 102, 109 (1953). The Superior Court affirmed the judgment of this court, specifically concluding "that the provisions of the zoning ordinance with respect to notice were directory only. . . .": Putney v. Abington Township, supra, p. 476.

Plaintiff's second contention is that ordinance no. 158, the validity of which is in question, was not enacted in accordance with the procedural requirements of the Second Class Township Code. Section 2004 of that Code, 53 PS §67004, provides, inter alia:

". . . for at least one week and not more than three weeks prior to the presentation of the proposed ordinance, [the township supervisors shall give] a notice of intention to consider such proposed ordinance and a brief summary setting forth the principal provisions of the proposed ordinance, in such reasonable detail as will give adequate notice of its contents. . . .

"The procedure set forth relating to the adoption of the ordinance may likewise be adopted in amending . . . any of the provisions of the ordinance."

Plaintiffs contend that the supervisors gave a notice, not mandated by the Second Class Township Code, by posting, and that such poster was erroneous in stating that the application was for a change of zoning from *AA* Residential instead of from *AAA* Residential.

Such posting was not misleading as to the *new* zoning to be wrought by the amendment. No one could have been harmed by the slight mistake in reciting the *old* zoning. Relating to the establishment and change of boundaries of zoning districts, section 2002 of the Second Class Township Code, 53 PS §67002, provides:

"(b) The supervisors shall provide, by ordinance, the manner in which the boundaries of such districts shall be determined and established, and from time to time amended or changed. However no such boundary shall become effective until after public hearing in relation

thereto at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper of general circulation in such township."

Plaintiffs do not contend that there was not newspaper advertising in conformity with section 2002 of the Second Class Township Code. True, plaintiffs argue that the first sentence of subsection (b), quoted above, empowers the supervisors to promulgate rules which are binding on them as well as on the citizenry. However, that sentence is almost verbatim the same as its counterpart in section 3104 of the First Class Code, 53 PS §58104, which the Superior Court construed, in the Putney case, adversely to the positions taken by plaintiffs herein.

Plaintiffs' third contention is that the supervisors denied them their right to testify at the hearing of the proposed ordinance. The authorities which plaintiffs rely upon were considered and found to be inapplicable in our opinion of February 28, 1963, and further discussion herein is unnecessary.

Fourth, plaintiffs renew their argument that the advertisement of the ordinance was defective because it did not contain a "reference to the place where [the zoning] maps, plans or drawings are on file and may be examined," as prescribed by the Second Class Township Code, sec. 704, as amended, 53 PS §65741.

Plaintiffs contend that our opinion of February 28, 1963 cites, but does not follow Fierst v. William Penn Memorial Corp., 311 Pa. 263 (1933), and counsel for Mrs. Meigs, et al. (Plaintiffs in No. 22 Nov. T. 1962) plead that they "cannot tell why (the judge) did not follow it." In our earlier opinion in this case, we point out the differentiation between the Fierst case and this case. However, to recapitulate, in First the attack was upon the *comprehensive zoning ordi-*

*nance* because the *advertisement disclosed neither the zoning boundaries nor where the map showing the same was on file for public inspection.* The instant case involves an attack upon an amendment changing the zoning of a small fraction of the total area of the township and that fraction is carefully described in the advertisement of the supervisors' meeting of November 8, 1962, to consider adopting amendatory ordinance no. 158.

Fifth, plaintiffs contend that the enactment of the amendatory ordinance was not in good faith, but was a sham to cover up the illegal permission of dumping on certain land. This goes to the substantive propriety, constitutionality or legality of the enactment, which may not be considered or decided in the court of quarter sessions. This point was considered and decided adversely to plaintiffs in Meigs v. Township of Whitemarsh, as of the above caption and number, in our opinion of February 28, 1963.

It may be, although it is not for us to decide, that it is a sad commentary upon the state of the law that township supervisors, or commissioneers, may prescribe the procedural requirements for zoning ordinances or amendments, which the owners and residents (being unlearned in the law) naturally think must be followed, whereas, such officials, as for example in this case, may blindly waive the requirements which they themselves have established. Such a state of law is an invitation to widespread accusation of partiality and favoritism. However, it appears that this court is powerless to provide a remedy.

*No. 26 November Term, 1962*

And now, April 25, 1963, after reargument, the order dated February 28, 1963, as of the above term and number, is confirmed as the final order of the court.

*No. 22 November Term, 1962*

And now, April 25, 1963, after reargument, the order dated February 28, 1963, as of the above term and number, is confirmed as the final order of the court.