Norristown School District *v.* Glover, Appellant.

Argued May 23, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James R. Caiola,* with him *Harry N. Moran, Jr.,* for appellant.

*Desmond J. McTighe,* with him *Horace A. Davenport, John C. Bonner,* and *McTighe, Koch, Brown & Weiss,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1968:

Albert A. Glover took *an appeal* on March 20, 1967 from the Order of the lower Court dated December 27, 1966, dismissing him from his position as a school teacher employed by the School District of Norristown. This was error. The proper procedure was to file a petition for certiorari under Supreme Court Rule 68-1/2 within thirty days from the date of the Order sought to be reviewed. No petition was filed within the 30-day time limit. Thereafter, on May 23, 1968, a petition on Glover's behalf for the allowance of an appeal nunc pro tunc under Rule 68-1/2 was filed. We find no justification for this delay and no merit in this petition. *Rape Appeal,* 430 Pa. 87, 242 A. 2d 222.

Petition denied, and appeal quashed.

Mr. Justice ROBERTS agrees that the appeal should be quashed, but believes that it is unnecessary for the Court to express any view as to the merits of the petition under Rule 68-1/2 since that petition was untimely filed.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I believe that it is unfair to the appellant Albert A. Glover that his appeal should be denied on a technicality. We have before us a substantial question and it should be decided on its merits.

Albert A. Glover is a school teacher and for nearly 30 years ably and properly taught the children in his classes. During that time he enjoyed a good reputation for proficiency in his work and loyalty to the school. Then he was charged with certain acts of impropriety, having to do with the sale of tickets to high school basketball games. The School Board held hearings and by a two-thirds majority vote dismissed Glover. He then appealed to the Superintendent of Public Instruction under appropriate provisions of the Public

School Code and, after a hearing before the Superintendent and two attorneys representing the Department of Justice, the decision of the School Board was reversed and Glover was ordered reinstated. Then, a majority of the School Board (not a two-thirds majority) appealed to the Court of Common Pleas of Montgomery County for a hearing under §1132 of the Code. Following this hearing, the court of common pleas dismissed Glover.

His attorney then appealed to this Court, instead of petitioning for an allocatur under Rule 68 1/2. This Court has now quashed the appeal. The appellant claims that he has suffered a great injustice and points out in his brief that the lower court committed various errors in arriving at its adjudication, namely, (1) The court erred in excluding offer of testimony as to what certain students said on the nights of the basketball games when the spurious tickets were sold and exhibited; (2) the court erred in permitting testimony from the defendant's former wife as to facts which occurred during the time they were married one to the other; (3) the court erred in admitting testimony, elicited from Glover in cross-examination, concerning allegedly inconsistent statements made by him in another proceeding; (4) the defendant was not proved guilty by a preponderance of the evidence.

These are all substantial questions which go to the very heart of the accusation. Considering that the Superintendent of Public Instruction exonerated Glover from any charge of wrongdoing and considering that not only his livelihood but his standing in the community is at stake in these proceedings, I believe that Glover should have been given an opportunity to have his case passed on by this Court.

I, therefore, dissent from the Majority's quashing of the appeal.