Opinion
Per Curiam,
This case arose out of a controversy over the enactment of a zoning ordinance by the Board of Supervisors of Upper Merion Township in Montgomery *547 County. At the conclusion of the proceedings below, the Court of Quarter Sessions of Montgomery County entered an order declaring the zoning ordinance invalid.
We need not reiterate the lengthy factual background of the case at this time nor reach the merits of the parties’ contentions on the ground that our Court has no jurisdiction over such matters.
The Act of June 24, 1895, P. L. 212, as amended, August 14, 1963, 17 P.S. 181, 182, defines the jurisdiction of the Superior Court. That Act provides that the Superior Court shall have exclusive jurisdiction of all appeals from Quarter Sessions Courts, “except as hereinafter provided in this Act.” 17 P.S. §191.4, however, provides that the Superior Court shall have no jurisdiction in “(7) Appeals from orders of the courts of common pleas and courts of quarter sessions of the peace involving or arising out of acts, ordinances, regulations or orders relating to zoning.” Under this provision, zoning controversies must be directly appealed to the Supreme Court, which has exclusive jurisdiction in such matters.
In light of the fact that this case arose directly out of a controversy over a zoning ordinance, the above provisions of the Act dictate that this case must be certified to the Supreme Court. The case of West Meade Township Appeal, 416 Pa. 73, 204 A. 2d 247 (1964), cited in appellant’s brief is. inapposite. That case dealt with an annexation problem, an issue over which we continue to have jurisdiction. Moreover, that case clearly stated that the . Superior Court has exclusive jurisdiction over appeals from Courts of Quarter Sessions, except as provided in the new Act.
Nor, in our opinion, is . the case of Commonwealth ex rel. Ransom Township v. Mascheska, 429 Pa. 168, 239 A. 2d 386 (1968), here relevant. In that case, the Supreme Court determined that we had jurisdiction in *548 a case involving a penalty assessed in a summary proceeding by a justice of tbe peace on a person who had violated a zoning ordinance. This determination was made because under 17 P.S. §§184 and 184.1 we have exclusive jurisdiction from all orders of tbe courts of common pleas which involve summary proceedings before a justice of tbe peace. Tbe Supreme Court found, in effect, that the fact that tbe summary proceeding arises out of tbe violation of a zoning ordinance would not alter this fact. We do not believe, however, that tbe same bolding is applicable here where tbe issue in question is tbe validity of tbe zoning ordinance itself.
For the reason above, we bold that the Superior Court has no jurisdiction in tbe instant case, and, therefore, certify tbe case to the Supreme Court pursuant to tbe above Act.