## Coston v. Upper Merion Township (et al., Appellant).

68

Argued November 22, 1968. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*David Berger,* with him *Edward Fackenthal, Knox Henderson,* and *Cohen, Shapiro, Berger, Polisher & Cohen,* and *Henderson, Wetherill & O'Hey,* and *Silver & Barsky,* for intervenor, appellant.

*Richard C. Sorlien,* with him *Philip D. Weiss,* for plaintiff, appellees.

*James E. Meneses,* for township, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 27, 1969:

On October 11, 1965, Upper Merion Township, a Second Class Township, amended its zoning ordinances. The property of the appellant, Tri-Kell, Inc., an intervenor below, was rezoned from "R-2 Residential" (permitting only individual residences) to "HR Residential" (permitting apartments as well). Within thirty days after the effective date of the ordinance in question, the appellees, eight residents of the Township, alleging that they were aggrieved by the failure of the Supervisors to follow statutorily prescribed procedures, brought a complaint against the Township, questioning the legality of the ordinance, in the Court of Quarter Sessions of Montgomery County. That court, in its decree nisi of December 21, 1966, sustained two of appellees' allegations and declared the rezoning ordinance void. The court held that the ordinance was invalid because (a) no valid public hearing was held, the hearing of August 10, 1964, fourteen months before the adoption of the ordinance, being too remote in point of time, and (b) improper, extraneous and illegal considerations induced the Board of Supervisors to enact the ordinance. The intervenor, the property owner, took exceptions to the decree nisi, which exceptions were dismissed on December 13, 1967, and a final order entered. The intervenor then appealed to the Superior Court. That Court held that it had no jurisdiction, and certified the matter to this Court.

Although we agree with the Superior Court that it is without jurisdiction in this matter, we nonetheless believe that the certification was improper. We shall deal first with the question of jurisdiction in the Superior Court. The Superior Court recognized that under the Act of August 14, 1963, P. L. 819, §1, 17 P.S. §§181, 182, it has exclusive jurisdiction of all appeals from courts of quarter sessions, except as otherwise provided in the Act. However, it held that

under §2 of the Act of 1963, 17 P.S. §191.4, the Legislature had indeed provided otherwise. That section states that the Superior Court shall have no jurisdiction in "appeals from orders of the courts of common pleas and courts of quarter sessions of the peace involving or arising out of acts, ordinances, regulations or orders relating to zoning." The argument has been made that clause seven quoted above is not intended to deprive the Superior Court of jurisdiction where only the procedural regularity of the enactment is involved, even if the enactment does involve zoning. As to the procedure of its enactment, the argument goes, a zoning ordinance is no different from any other ordinance, and the Superior Court should retain jurisdiction. Reliance is placed upon the recent case of *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A. 2d 386 (1968), where we held the Superior Court had jurisdiction in an appeal from the court of common pleas which had affirmed the imposition of a fine, assessed in a summary proceeding by a justice of the peace, for violation of a zoning ordinance. There the order involved was, in the broadest sense, an ordinance relating to zoning; yet we held that the Superior Court had jurisdiction.

*Ransom Township* is distinguishable from the instant case, however. The relationship between the zoning ordinance and the subject of that case, a fine, was quite attenuated. The action there was quasi-criminal in nature. Moreover, in that case the validity of the ordinance itself was not in issue, as it is here. It is irrelevant that it is the procedural validity rather than the substantive validity that is questioned. Clause seven does not merely speak of appeals involving or arising out of acts, ordinances, regulations or orders relating to zoning. It refers to appeals from "orders of the courts of common pleas and *courts of quarter sessions of the peace* involving or arising out of acts,

ordinances, regulations, or orders relating to zoning."
(Emphasis added). Under §702 of the Second Class
Township Code, Act of May, 1933, P. L. 103, art.
VII, §702, as amended, 53 P.S. §65741, the only zoning
matters that can be considered by a court of quarter
sessions are those that concern procedure. *Weaver
v. East Brandywine Township,* 15 Chester 221 (1967);
*Davison v. Whitemarsh Township,* 31 Pa. D. & C.
2d 267 (1963); Accord, *Cheltenham Township Appeal,*
413 Pa. 379, 196 A. 2d 363 (1964), construing virtually
the identical provision in the First Class Township
Code. Thus, if the words "and courts of quarter ses-
sions of the peace" in clause seven are to have any
meaning at all, clause seven must be interpreted to
deny the Superior Court jurisdiction where, as here,
a zoning ordinance is invalidated on the basis of pro-
cedural irregularities.

However, as stated above, that does not mean that
the certification was proper. The Superior Court
relied on the Act of June 24, 1895, P. L. 212, §9, par.
5, 17 P.S. §196, which provides: "If an appeal is
erroneously taken to the Superior Court in any case
which is *appealable directly* to the Supreme Court,
the Superior Court shall not quash the appeal, but
shall certify the case, at the costs of the appellant, to
the Supreme Court for hearing and decision." (Em-
phasis added). It should be apparent from the itali-
cized portion, however, that this statute is inapplicable
to the instant case. Even if it could be said that a
case which is reviewable only on narrow certiorari is
"appealable", it certainly is not "appealable directly"
to the Supreme Court when review may be had only
when allowed by the Supreme Court or a judge thereof
under Supreme Court Rule 68½. And that is exactly
the instant situation. The final order of the court
of quarter sessions from which the intervenor seeks
to appeal is deemed conclusive pursuant to §702 of

The Second Class Township Code, *supra.* That section provides: "Any person aggrieved may, within thirty days after any ordinance or resolution takes effect, make complaint as to the legality of such ordinance or resolution to the court of quarter sessions upon entering into recognizance with sufficient surety to prosecute the same with effect, and for the payment of costs. *The determination and order of the court thereon shall be conclusive.*" (Emphasis in original). Where the decree of the lower court is conclusive (or where a statute provides that there shall be no review or is silent on the question of appellate review) and the subject matter does not fall within the statutory jurisdiction of the Superior Court, then Rule 68½ of the Supreme Court applies. That provides that review may be had in the Supreme Court on certiorari but only if allowed by the Court or a judge thereof after a petition has been filed by the appellant within 30 days of the decision, order, judgment or decree sought to be reviewed. Under these circumstances, the case cannot be said to be "appealable directly" to the Supreme Court and thus is not certifiable.[1] This inter-

---

[1] Despite some language in §2 of the Act of August 14, 1963, P. L. 819, 17 P.S. §191.4 that could conceivably be construed as indicating that the instant case is "appealable directly" to the Supreme Court, we are of the view that it is not. That section states: "In the following classes of cases, the Superior Court shall have no jurisdiction thereof, but the appeal shall be taken directly to the Supreme Court. . . . (7) [Appeals in zoning matters]." We read this as merely providing the forum for review, if there be any, and not as permitting appeals in all these matters. Were it otherwise, our Rule 68½ would violate the statute. More important, we cannot infer an intent by the Legislature to repeal in such an oblique fashion many statutes such as that portion of the Second Class Township Code quoted above which provides that the determination of the court of quarter sessions shall be conclusive. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §63, 46 P.S. §563.

pretation has a firm basis in logic, for it would not make sense to allow litigants to circumvent Rule 68½ by appealing to the Superior Court which then would have to certify the case to the Supreme Court.

Not only is this case not certifiable, but since Rule 68½ was not followed, we have no jurisdiction from any other source. *Norristown School District v. Glover,* 431 Pa. 53, 243 A. 2d 348 (1968) ; *Rape Appeal,* 430 Pa. 87, 242 A. 2d 222 (1968). However, inasmuch as the erroneous appeal to the Superior Court was filed within the thirty days within which a petition under Rule 68½ must be filed, we will consider the present papers as a petition for allowance of appeal under Rule 68½ nunc pro tunc. Such an approach is in accord with the liberal policy, evidenced in the certification procedure of §9 of the Act of 1895, of not penalizing an appellant for an honest mistake in ascertaining which is the proper appellate body, where that mistake has not unduly prejudiced the appellee. When appellant filed his appeal, albeit incorrectly, in the Superior Court, that put appellees on notice that the proceedings had not ended. Since this was within the period provided for a petition under Rule 68½, appellees were not visibly prejudiced. Treating the papers as a nunc pro tunc petition under Rule 68½, we find no merit in the petition, and it is denied. The appeal itself is quashed.

Mr. Chief Justice BELL, Mr. Justice JONES and Mr. Justice COHEN concur in the result.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.