McCarthy *v.* Lower Gwynedd Township et al.,
Appellants.

Argued November 19, 1968. Before BELL, C. J., JONES, COHEN, EAGEN O'BRIEN and ROBERTS, JJ.

*Donald A. Gallager*, with him *Waters, Fleer, Cooper & Gallager*, for company, appellant.

*John P. Knox*, with him *Curtis Wright*, and *Foulke, Knight, Stefan & Timoney*, for township, appellant.

*John Justin McCarthy*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, June 27, 1969:

This case is quite similar to *Coston v. Upper Merion Township*, 435 Pa. 67, 255 A. 2d 565 (1969), decided this date. On December 19, 1967, Lower Gwynedd Township, a Second Class Township, amended its zoning ordinance. The property of Conestoga Building Co., an intervenor below, was rezoned from A-residential, the highest residential classification, to A-1 Garden Apartments. Within thirty days after the effective date of the amendatory ordinance, the appellees, residents of the township, brought a complaint pursuant to §702 of the Second Class Township Code, Act of May 1, 1933, P. L. 103, art. VII, §702, as amended, 53 P.S. §65741, allegedly challenging the regularity of the ordinance. On May 22, 1968, the court held the ordinance to be invalid. Its reason was that the motivation of the Township Supervisors in adopting the ordinance was improper. The Supervisors had been engaged in a controversy before the Public Utilities Commission and the courts involving a proposed site for a water tower in a high classification residential district. When the Supervisors lost, they were apparently in dire straits as to a site. They then worked out an arrangement with the intervenor whereby the township would receive from the intervenor an acre of ground upon which the water tower could be erected, and in return the intervenor would get a favorable zoning classification upon the remaining 13½ acres of the tract.

On June 17, 1968, within thirty days of the decision, the appellants, both the Township and the intervenor, took an appeal to the Superior Court, which held that it was without jurisdiction and certified the case to this Court on August 22, 1968. In the meantime, on July 23, 1968, the Superior Court handed down its decision in *Coston v. Upper Merion Township*, 212 Superior Court 546, 244 A. 2d 442

(1968), certifying that case to this Court. As a result, on August 20, 1968, appellants filed a petition for allowance of appeal under Supreme Court Rule 68½, nunc pro tunc.

For the same reasons as are stated in *Coston*, 435 Pa. 67, 255 A. 2d 565 (1969), we hold that the Superior Court was without jurisdiction and also without power to certify.

However, we also noted in *Coston* that since the erroneous appeal to the Superior Court was filed within the thirty days allowed for petitioner under Rule 68½, the appellee was not unduly prejudiced by the mistake, and we would treat the papers as a petition under Rule 68½ nunc pro tunc. Here, in addition, appellants actually filed such a petition. And here the petition must be granted and the order of the Court of Quarter Sessions vacated. The jurisdiction of the Court of Quarter Sessions is limited to procedural questions, *Coston*, supra, and cases cited therein, and it exceeded that jurisdiction when it held the ordinance invalid because of the motives of the Supervisors.[1] The characterization of the improper motive as procedural by the Court of Quarter Sessions certainly does not make it procedural. Clearly it is substantive. This is evident from the language of the court's opinion: "It is this Court's opinion that the supervisors exceeded their permissible area of discretion, and abandoned the comprehensive plan upon a completely extraneous consideration which bore no relationship to the health, safety, morals or general welfare."

---

[1] In *Coston v. Upper Merion Township*, supra, one of the two bases for the decision in the Court of Quarter Sessions was that the motives of the Supervisors were improper. However, the other basis, the absence of a valid hearing, was a true procedural irregularity.

Since the Court of Quarter Sessions was without jurisdiction, its order cannot stand. The certification of the Superior Court is refused, the petition nunc pro tunc under Rule 68½ is granted, and the order is vacated, without prejudice to appellees to pursue their remedy in the proper forum.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I believe the certification in this case was entirely proper; on this point I differ with the majority. The majority relies on the language *"appealable directly"* in the Act of June 24, 1895, P. L. 212, §9, 17 P.S. §196, to preclude certification in a case where this Court would review on the basis of Supreme Court Rule 68½.* However, this language should in no way restrict the Superior Court from ever certifying a case to this Court which "is erroneously taken to the superior court," so long as the *next* point of adjudication in such cases is, in fact, the Supreme Court. The manner in which this Court handles such cases, whether as an appeal of right or a 68½, should in no way limit the authority of the Superior Court to certify under the statute. But since the majority treats this appeal in the same fashion as though properly certified to us by the Superior Court, albeit the majority does so by the fictional route of choosing to view it as a petition under Rule 68½, I couch this opinion in the form of a concurrence, rather than a dissent.

Mr. Chief Justice BELL, Mr. Justice JONES and Mr. Justice COHEN join in this concurring opinion.

---

* In effect, the majority has employed a 1964 rule of court to interpret the language used by the Legislature in an act which was passed 69 years earlier.