581 A.2d 959

**COMMONWEALTH of Pennsylvania**

**v.**

**Patterson BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1990.

Filed Oct. 31, 1990.

Daniel I. Herman, New Castle, for appellant.

William M. Panella, Dist. Atty., New Castle, for Com.

Before POPOVICH, HUDOCK and HOFFMAN, JJ.

PER CURIAM:

This appeal is from the order of the PCRA court below, which granted appellant leave to file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania *nunc pro tunc*. For the reasons that follow, we must transfer the case to our Supreme Court.

On October 1, 1986, following a jury trial, appellant was found guilty of involuntary deviate sexual intercourse, statutory rape, corruption of minors, and indecent assault. Post-trial motions were filed and denied, and appellant was sentenced on October 14, 1987. On direct appeal, this Court affirmed the judgment of sentence in an unpublished Memorandum. Appellant did not file a petition for allowance of appeal with our Supreme Court. Thereafter, however, appellant did file a *pro se* petition under the Post Conviction Relief Act (PCRA), *see* 42 Pa.C.S.A. §§ 9541–9546. Present counsel then filed an amended petition. The petitions alleged, *inter alia*, that appellant was denied his right to petition the Supreme Court for allowance of appeal because trial counsel (who represented appellant on direct appeal) failed to inform him of that right. Appellant further alleged that counsel was ineffective in this regard, and sought leave to petition the Supreme Court for allowance of appeal *nunc pro tunc*.

The PCRA court held an evidentiary hearing on May 4, 1989, at which both appellant and his trial counsel testified. After considering this evidence, the PCRA court concluded that appellant did not knowingly and intelligently waive his right to petition for allowance of appeal. Accordingly, on January 30, 1990, the PCRA court entered an order grant-

ing appellant an opportunity to seek review of Superior Court's affirmance of his judgment of sentence by permitting him to file a Petition for Allowance of Appeal to the Supreme Court *nunc pro tunc*. The order provides in its entirety as follows:

NOW, January 30, 1990, in accordance with the provisions of the appended Memorandum Opinion, the defendant is hereby GRANTED leave to file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania *nunc pro tunc*. In that regard, the defendant shall have a period of thirty (30) days pursuant to Pa.R.A.P. 1113(a) commencing from the date of this Order to file the Petition for Allowance of Appeal with the Prothonotary of the Supreme Court of Pennsylvania.

Despite the fact that this order granted appellant the precise relief he sought—i.e., leave to file a petition for allowance of appeal to the Supreme Court *nunc pro tunc*, he improperly filed an appeal with *this* Court on February 22, 1990.

Although the appeal is not properly before *us*,[1] it was timely filed (within the thirty days prescribed by the order)

1. Prior to the listing of this case for submission, appellant's counsel was contacted by this Court and informed of the jurisdictional defect. In response, counsel claimed that the appeal was properly here because the PCRA court, in its opinion, denied appellant relief on all of his other ineffectiveness claims. We cannot agree. Although it is true that the PCRA court discussed appellant's other claims in its opinion, a review of the January 30, 1990 *order* that was entered indicates that the court did not *dispose* of the other claims, and the only action taken was to grant *nunc pro tunc* relief. Indeed, in its opinion, the PCRA Court was careful to explain the reasons why it discussed the remaining claims, and the limited nature of that discussion, as follows:

According to the procedural approach established in *Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982), when a PCRA court determines that a petitioner has been denied his appellate rights and therefore grants the petitioner an appeal *nunc pro tunc*, the PCRA court should refrain from ruling upon the merits of the remaining claims for relief raised in the post-conviction collateral relief petition. *See also Commonwealth v. Hoyman*, 385 Pa.Super. 439, 561 A.2d 756 (1989); *Commonwealth v. Markle*, 368 Pa.Super. 142, 533 A.2d 756 (1987). However, an exception to this general rule is made where the trial record is inadequate to provide a basis for review of the claim or where the claim was not ruled

and a review of the Pennsylvania Rules of Appellate Procedure makes clear that quashal is inappropriate. Rule 751 governs situations such as this, where an appeal is timely but is taken to the wrong court:

**Rule 751. Transfer of Erroneously Filed Cases**

**(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

*Id.*[2] The definitional section of the Rules provides that the term "appeal" encompasses:

[a]ny *petition* or other application to a court for review of subordinate governmental determinations. The term includes an application for certiorari under 42 Pa.C.S. § 934 (writs of certiorari) or under any other provision of law. Where required by the context, the term includes proceedings on petition for review.

*See id.* Rule 102.

Here, in accordance with the PCRA court's order, appellant's "appeal" should have been captioned a "petition" for allowance of appeal, and should have been filed with the Prothonotary of the Supreme Court. In light of the fact that the "appeal" was timely but simply was filed in the wrong court, it is apparent from the Rules that the proper course is to transfer the case to our Supreme Court. Once transferred, the appeal would be governed by the Rules

upon by the trial court. *See Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Markle, supra; Commonwealth v. Miranda, supra.* Consequently, we here make the following findings relative to the remaining claims of ineffectiveness raised by the defendant in the case *sub judice* in order to complete the record for appellate review.
Trial Court Opinion at 9.

**2.** This Rule is based on 42 Pa.C.S.A. § 5103(a).

applicable to petitions for allowance of appeal. It should be noted that, because review by our Supreme Court is discretionary, the procedures governing such petitions are different from the procedures governing appeals as of right, *see* Pa.R.A.P. 1111—1123, and appellant, of course, is responsible for complying with these Rules.

We are aware that, in the past, our Supreme Court has held that Superior Court has improperly attempted to certify *appeals* to the Supreme Court, which should only have been reviewable by *allowance* of that Court. *See, e.g., McCarthy v. Lower Gwynedd Township*, 435 Pa. 75, 255 A.2d 569 (1969); *Coston v. Upper Merion Township*, 435 Pa. 67, 255 A.2d 565 (1969). These cases clearly are distinguishable. First, the cases involved an interpretation of former Supreme Court Rule 68½, which governed appeals "in the nature of a certiorari." Since the cases were decided, of course, the Judicial Code was enacted, and Rule 68½ has been rescinded. The Rules governing allowance of appeal and transfer are now contained in the Rules of Appellate Procedure, which were not adopted until 1975. These Rules, in turn, are based on the Judicial Code. Thus, our reliance on the present Rules is proper.

Second, we should emphasize that we are not certifying an "appeal" to the Supreme Court, but merely transferring the appeal to the Supreme Court Prothonotary, where it would be treated as a petition for allowance of appeal. The ultimate decision whether or not to allow the appeal, of course, rests with the Supreme Court. Thus, unlike *McCarthy* and *Coston*, the transfer in this case in no way affects the Supreme Court's discretionary power of review.

For the foregoing reasons, we transfer the case and record to our Supreme Court.

Case and record transferred to Supreme Court.