533 A.2d 756

**COMMONWEALTH of Pennsylvania, Appellant (at 3251),**

v.

**Joseph MARKLE, Appellant (at 3249 and 3250).**

Superior Court of Pennsylvania.

Argued Sept. 1, 1987.

Filed Nov. 9, 1987.

extend the reasonableness requirement of *Opperman, supra,* to the inventory search of a trunk.

144

David P. Trulli, Philadelphia, for appellant in Nos. 3249 and 3250 and appellee in No. 3251.

Alan Sachs, Assistant District Attorney, Philadelphia, for Com., appellant in No. 3251 and appellee in Nos. 3249 and 3250.

Before CAVANAUGH, ROWLEY and MONTEMURO, JJ.

MONTEMURO, Judge:

This case comes before us on a consolidation of three appeals. The Commonwealth appeals from the Order of the Post–Conviction Hearing Act[1] ("PCHA") Court granting Joseph Markle (designated as appellee herein) the right to file a direct appeal *nunc pro tunc*. Appellee appeals *nunc pro tunc* from the trial court's judgment of concurrent sentences following a jury trial where appellee was found guilty of burglary[2] and conspiracy.[3] He also appeals from the PCHA Court's denial of his other grounds for PCHA relief. We affirm.

On June 25, 1981 a Philadelphia police officer, responding to a radio report of a burglary-in-progress at the All Saints Episcopal Church, observed appellee and another man running across the street approximately 50 yards from the church. The man accompanying appellee was carrying a weighted pillow case. The officer apprehended the men as they entered a vehicle parked in an apartment complex across the street from the church. The pillow case was

1. 42 Pa.C.S.A. § 9541 *et seq.*
2. 18 Pa.C.S.A. § 3502.
3. *Id.* at § 903.

discovered to contain various articles of church property. In addition, the police officer observed a large screwdriver and a pair of gloves on the back seat of the car. The two men were arrested and charged with burglary and conspiracy.

At trial, the court denied appellee's requested point for charge on "mere presence" and flight. The jury returned a guilty verdict on both the burglary and conspiracy charges. Timely post trial motions were filed and denied by the trial court and appellee was sentenced to consecutive terms of imprisonment of ten (10) to twenty (20) years for burglary and five (5) to ten (10) years for conspiracy. Upon appellee's motion for reconsideration, the court made the sentences concurrent. Appellee then filed an appeal with this court alleging that the evidence was insufficient to support a guilty verdict on the charges; that the court erred in failing to grant trial counsel's request for a continuance of the post-trial motions hearing, and that trial counsel was ineffective. We quashed appellee's appeal as untimely filed.[4] Appellee subsequently filed a PCHA petition, which as supplemented, alleged that trial counsel was ineffective for failing to file a timely appeal; for failing to contend that the trial court wrongly denied his point for charge on "mere presence" and flight, and for failing to demand an adequate instruction on accomplice liability. The PCHA court found that appellee had been denied his appellate rights because of trial counsel's failure to perfect a timely appeal and granted appellee leave to file a direct appeal *nunc pro tunc* to this court. In addition, the PCHA court went on to address appellee's allegations regarding the denial and sufficiency of the points for charge and found these claims meritless. The Commonwealth appealed from the portion of the PCHA court's order which determined that his additional PCHA claims were meritless. Moreover, appellee exercised his right to appeal *nunc pro tunc* from the trial court's judgment of sentence. The three appeals were

4. *See Commonwealth v. Markle,* 343 Pa.Super. 613, 494 A.2d 482 (1986)

consolidated and the Commonwealth was designated appellant.

The resolution of this case requires us to examine: (1) Whether the PCHA court properly granted appellee the right to file an appeal *nunc pro tunc;* and (2) if so, which of appellee's claims have been preserved for appellate review?

We conclude that the answer to the first question is controlled by our decision in *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982) (*en banc*). In *Miranda,* we discussed the procedural approach to be followed by a PCHA court when it decides that a PCHA petitioner has been denied his appellate rights. Generally, a deprivation of appellate rights claim in the PCHA context is "premised upon counsel's ineffectiveness for having failed to take an appeal despite petitioner's request to do so, or for having failed to pursue on appeal an allegedly meritorious claim." *Id.,* 296 Pa.Superior Ct. at 447, 442 A.2d at 1136. In describing the proper approach in such situations, we stated:

> Thus, when beginning to review a petition alleging the deprivation of appellate rights, the PCHA court must act in accordance with the general procedural framework set forth in [*Commonwealth v.*] *Webster* [466 Pa. 314, 353 A.2d 372 (1976)]. That is, once the PCHA court determines petitioner has been deprived of his appellate right, it should refrain from ruling upon the merits of the other claims and should grant petitioner the right to file an appeal *nunc pro tunc.* The *Webster* holding, however, did not anticipate the problem of an incomplete record on appellate review when the remaining issues were not reviewed by the PCHA courts. The problem was resolved in *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977). Therein the Supreme Court created an exception to the general rule it had established in *Webster* when it wrote:
>
> > We have since stated that the preferred practice is for a Post Conviction Hearing Court, having determined

that petitioner is entitled to a direct appeal, to refrain from ruling upon the merits of the remaining claims for relief because they will be reviewable on the direct appeal process (citation omitted). The only justification for a deviation from this practice is when the trial record is inadequate to provide a basis for review of the claim or where the claim was not ruled upon by the trial court.

*Id.*, 296 Pa.Superior Ct. at 450–452, 442 A.2d at 1139 (*quoting Commonwealth v. Sullivan*, 472 Pa. 129, 140 n. 5, 371 A.2d 468, 473 n. 5 (1977)).

We also made it clear that when the PCHA court finds it necessary to rule on the additional claims raised in the PCHA petition, after determining that appellate rights have been denied, its findings merely provide an evidentiary format for review. Rather than finally determining the additional grounds for PCHA relief, the PCHA court's findings merely complete the record for appellate review. *Id.* The result of this procedure is one *nunc pro tunc* appeal, consisting of a conglomeration of issues. All claims raised in the PCHA petition as well as those which were presented in post-trial motions will be reviewed, if raised, in the *nunc pro tunc* appeal. *Id.*, 296 Pa.Superior Ct. at 456, 442 A.2d at 1140–1141. Consequently, a petitioner is afforded an opportunity to raise in the *nunc pro tunc* appeal those issues which ordinarily might have been pursued in a timely appeal, thus vindicating the earlier denial of these rights, and an opportunity to present his PCHA claims. At the same time, traditional notions of judicial economy are fostered by following the *Miranda* framework.

In the present case, the PCHA court determined that appellee was denied his constitutional right to a direct appeal because of trial counsel's inadvertence in failing to perfect a timely appeal from judgment of sentence.[5] This determination is clearly supported by the record.

5. It appears that when trial counsel filed his petition for reconsideration of sentence on May 9, 1983, which was granted on June 16, 1983, he mistakenly assumed that such filing would stay the running of the

■ Unless knowingly and voluntarily waived, a defendant's right to appeal is guaranteed by Article V, Section 9 of the Pennsylvania Constitution, and this right includes the right to assistance of counsel in the task of taking and perfecting the appeal. *Commonwealth v. McKnight*, 311 Pa.Super. 460, 465, 457 A.2d 1272, 1275 (1983).

■ In the present case, the record supports the PCHA court's finding that appellee was denied his right to appeal. The record reveals that appellee clearly wished an appeal to be filed. The denial of this right was not a consequence of appellee's intentional relinquishment of a known right, but of trial counsel's failure to timely file an appeal. The Commonwealth has failed to meet its burden of establishing that the appellee had waived his right to appeal. *Commonwealth v. Wilson*, 430 Pa. 1, 3, 241 A.2d 760, 762 (1968).

After determining that appellee had been denied his constitutional right to appeal, the PCHA court concluded that an appeal *nunc pro tunc* was the appropriate remedy. In addition, the PCHA court proceeded to make findings on the additional claims asserted in the PCHA petition. This procedure is consistent with the format set forth in *Miranda, supra.* Because the trial court's opinion did not address appellee's claims that the jury was inadequately charged on "mere presence" and on accomplice liability,[6] the PCHA court addressed these claims to complete the record for appellate review. The PCHA courts findings on these issues are not definitive rulings on the merits, which must be appealed separately, but are evidentiary in nature and will be reviewed in the *nunc pro tunc* appeal along with those

thirty day appeal period. *See Commonwealth v. Sayko*, 333 Pa.Super. 265, 482 A.2d 559 (1984) (motion to modify sentence under Pa.R. Crim.P. 1410 does not affect the running of the 30–day period for filing timely notice of appeal). Consequently, when notice of appeal was filed on July 7, 1983, the statutory appeal period had expired. As a result, the PCHA court found that trial counsel was ineffective in failing to preserve appellee's right to appeal when appellee had requested him to do so.

**6.** The trial court did not address these claims because they were not raised in appellee's boilerplate post-trial motions.

issues which were properly preserved in appellee's post trial motions.[7]

The Commonwealth cites *Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980), for the proposition that the PCHA court should not have granted *nunc pro tunc* relief once it concluded that appellee's other PCHA claims were meritless. The Commonwealth urges that because counsel cannot be ineffective for failing to raise a meritless claim on appeal, the PCHA court should have denied *nunc pro tunc* relief once it found that the trial court had properly instructed the jury. The Commonwealth further contends that appellate review of the denial of appellee's PCHA ground serve as the full equivalent of a *nunc pro tunc* appeal. Aside from expressly rejecting this position in *Miranda,*[8] we believe that *Unger* is distinguishable.

7. We note that it was therefore not necessary for appellee to file a separate appeal from the PCHA court's denial of his additional PCHA claims.

8. In *Miranda, supra,* 296 Pa.Superior Ct. at 450, 442 A.2d at 1137, we noted that subsequent decisions of our supreme court have reaffirmed the position which that court outlined in *Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372, 373 (1976), stating that once the PCHA court determined that a petitioner has been denied his appellate rights the PCHA court should refrain from deciding on the merits any other claims alleged in the petition and grant leave to file an appeal *nunc pro tunc.* As previously noted, the only exception to this rule is where the PCHA court finds it necessary to make findings of an evidentiary nature to complete the record for review on the *nunc pro tunc* appeal. In so holding we expressly repudiated the view enunciated in *Commonwealth v. Valezquez,* 244 Pa.Super. 327, 368 A.2d 745 (1976). Under *Valezquez,* a *nunc pro tunc* appeal based on denial of appellate rights would be unavailable. Instead, the PCHA court would determine all of petitioner's claims on the merits and the petitioner would then appeal from any adverse determination of his claims. The Commonwealth seems to be advocating a return to this procedure. We decline their invitation.

Moreover, the Commonwealth's assertion that judicial economy is fostered by the view espoused in *Valezquez* certainly is not true in the case at bar. Rather than simply rule on all of the claims now directly before us on the *nunc pro tunc* appeal, the Commonwealth would have us reverse the PCHA court's granting of the *nunc pro tunc* appeal and then review the remainder of the PCHA court's order, a circuitous route to the same end. *See Commonwealth v. McKnight,* 311 Pa.Super. 460, 466, n. 8, 457 A.2d 1272, 1276 n. 8 (1983) (resolution of appellant's claims in the posture of a *nunc pro tunc* appeal serves the dual purpose of quickly remedying the denial of a direct appeal and at

In *Unger* appellant sought PCHA relief alleging that: (1) his plea was not lawfully entered; and (2) counsel was ineffective for both failing to present an intoxication defense and for failing to preserve appellant's rights on appeal. The PCHA court denied relief. Justice Larsen, speaking for a plurality of our Supreme Court, ruled that the PCHA court had properly found that the guilty plea was lawfully entered and had not erred when it concluded that trial counsel was not ineffective for failing to raise an intoxication defense. The plurality then concluded that because these claims lacked arguable merit, appellate counsel could not be ineffective for failing to raise them on direct appeal.

Consequently, in *Unger* an appellate tribunal reviewed the claims raised in the PCHA petition on the merits and then concluded that the petitioner's claim of ineffective assistance of appellate counsel was rendered moot by resolution of those issues. The plurality opinion in *Unger* is limited to the particular facts of the case and rests on the notion that judicial economy is fostered by adopting such a strategy in the *Unger* factual situation. Rather than direct that the PCHA court should have granted an appeal *nunc pro tunc*, only to have the same issues that were squarely before them later raised in the appeal *nunc pro tunc*, the plurality felt that in light of the adequacy of the record, resolution of appellant's claim on the merits would be judicious, while at the same time adequately vindicating his denial of appellate rights claim. *Accord: Commonwealth v. McKnight, supra*, 311 Pa.Superior Ct. at 466, 457 A.2d at 1272. Additionally, Justice Robert's concurring opinion points out that the PCHA court should have granted an appeal *nunc pro tunc* if they had concluded, as he believed, that appellant was denied his right to appeal. *Unger, supra*, 494 Pa. at 599, 432 A.2d at 149. (Roberts, J. concurring opinion). However, Justice Roberts, also apparently influenced by principles of judicial economy, treated

the same time promoting the traditional policies of judicial economy and fairness).

the appeal of the PCHA court's findings as a timely appeal from judgment of sentence. Addressing the merits, Justice Roberts reasoned that because the PCHA court had used proper legal standards to resolve appellant's claims, the only claims that he would have raised on direct appeal, the failure to allow an appeal was not prejudicial.

In contrast to *Unger*, the PCHA court in the present case determined that appellee had been denied his right to appeal and properly followed the procedure which we outlined in *Miranda*. Judicial economy dictates that we address all those claims not waived by appellee, which are presently before us on his *nunc pro tunc* appeal.

We now turn to the question of which claims appellee has preserved for appellate review on his *nunc pro tunc* appeal and conclude that only two issues remain for our review.

■ It is well-settled that specific claims of ineffectiveness not raised in a counseled PCHA petition are deemed waived for purposes of appeal.[9] *Commonwealth v. Pettus*, 492 Pa. 558, 564, 424 A.2d 1332, 1335 (1981), *Commonwealth v. Scott*, 345 Pa.Super. 86, 91, 497 A.2d 656, 659 (1985). All issues presented on appeal which were not raised at the first opportunity to do so are deemed waived. *Commonwealth v. Zillgitt*, 489 Pa. 189, 192 n. 3, 413 A.2d 1078, 1080 n. 3 (1980).

Appellee's counseled PCHA petition, as amended, specifically alleged ineffectiveness of counsel: (1) for failure to

9. 42 Pa.C.S.A. § 9544 provides in pertinent part:
　§ 9544　When an issue is finally litigated or waived
　　(a) . . .
　　(b) Issues waived.—For the purposes of this subchapter, an issue is waived if:
　　(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this subchapter.
　　(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
　　(c) Presumption.—There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

preserve the issue of the trial court's failure to instruct on mere presence and (2) for failing to object to the trial court's allegedly insufficient charge on accomplice liability. These two claims, and only these two, remain for our review.[10]

Turning now to the merits of the claims presently before us, we conclude that the trial court correctly denied appellant's point for charge on mere presence. Where a jury is fully and adequately instructed on the elements of a crime, and where it appears that a charge on "mere presence" is not essential to their understanding of the case, the trial court may refuse to issue a specific instruction on mere presence. *Commonwealth v. Durah-El*, 344 Pa.Super. 511, 517–518, 496 A.2d 1222, 1227 (1985).

The trial court fully instructed the jury on how to consider circumstantial evidence and evidence of flight. Therefore, any additional charge on "mere presence" was unnecessary.

We also find that the trial court's instruction on accomplice liability was sufficient. The trial court fully instructed the jury on both the meaning of accomplice liability, as well as it application. As a result trial counsel was not ineffective in failing to raise this meritless claim.

10. In addition to the trial court's alleged error in failing to instruct the jury on "mere presence" and in failing to adequately instruct on accomplice liability, appellee asserts that following claims which were not raised before the PCHA court: (1) Insufficiency of evidence to support the jury's verdict; (2) The trial court erred in denying appellee's request for post trial motions; (3) Ineffective assistance of trial counsel in failing to challenge probable cause for arrest, in failing to challenge the prosecutor's summation, and in failing to object to prosecutor's implied reference to appellee's previous prison term.

While we said in *Miranda, supra* at 465, 442 A.2d at 1140–1441, that all issues preserved in post verdict motions and those presented in the PCHA petition are reviewable on the *nunc pro tunc* appeal, appellee has filed boilerplate post-trial motions. Consequently, the issues sought to be preserved in those motions have been waived and the only issues we need consider are those specifically raised in the PCHA proceeding. *See Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983). We also note that while appellee is represented by new counsel on appeal, he does not allege ineffectiveness of PCHA counsel in failing to raise other claims in the PCHA proceedings.

Judgment of sentence at No. 3249 is affirmed.

Order at Nos. 3250–3251 affirmed.