**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dale E. HAWKINS, Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 2002

Filed Oct. 30, 2002.

---

Donald A. Bailey, Harrisburg, for appellant.

Adam G. Klein, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before: DEL SOLE, P.J., and HUDOCK and BROSKY, JJ.

OPINION BY DEL SOLE, P.J.

¶ 1 Hawkins appeals from the judgment of sentence entered following his conviction of a summary offense under the Motor Vehicle Code. Upon review, we affirm.

¶ 2 On March 29, 2001, Appellant was driving eastbound on Route 283 near Harrisburg International Airport when he was pulled over by Officer Greely of the Lower Swatara Township police department. Officer Greely testified that he pulled Appellant's vehicle over because certain lights on the vehicle were out and the truck tires were bulging. Officer Greely then directed the Appellant to drive the truck to Steel Technologies, a private enterprise, approximately 5–5½ miles from where Appellant was stopped. Appellant's truck was weighed on stationary truck scales at Steel Technologies, and found to be 4,320 pounds over the maximum weight allowed of 80,000 pounds.

¶ 3 Appellant was charged with violation of 75 Pa.C.S.A. § 4941(a), maximum gross weight of vehicles. The District Justice found Appellant guilty of this summary offense. Appellant appealed the summary conviction to the Court of Common Pleas. Following a trial, the Court of Common Pleas found Appellant guilty and imposed the same fine and costs as imposed by the District Justice, plus the costs of the Court of Common Pleas proceeding. This appeal followed.[1]

---

1. We note that Appellant was ordered to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b), by Order dated November 5, 2001. While the record

¶ 4 Appellant raises the following issues on appeal:

1. Did the trial [c]ourt err in holding that 75 Pa.C.S.A. § 4941 in contravention of 75 Pa.C.S.A. § 4981(a) [sic] permits a police officer to force a truck to drive [sic] at least 5.5 miles one way to a private scale for weighing?

2. Did the trial [c]ourt err by not applying 75 Pa.C.S.A. § 4981(b) and in holding that state law permits local police to use uncertified private scales to weigh trucks they take into custody? And if the trial court was correct in that regard, are the use of uncertified private scales by a police officer a violation of state constitutional standards?

3. Did the [c]ourt err in preventing [A]ppellant an opportunity [sic] to fully cross examine the affiant David Greely?

Appellant's Brief at 3.

 ¶ 5 Appellant first argues that the language of 75 Pa.C.S.A. § 4981 clearly states that a police officer may require a truck to travel to stationary scales for weighing only if the scales are within two miles. Appellant's Brief at 6. Here, Officer Greely made Appellant travel approximately 5.5 miles to the stationary scales for weighing. Id. It is Appellant's position that by convicting Appellant, the trial court's actions were in derogation of the clear and unambiguous meaning of 75 Pa. C.S.A. § 4981(a), and that by violating § 4981(a), the trial court has violated due process standards. Id.

¶ 6 Our analysis begins with the relevant provisions of the Motor Vehicle Code. Section 4941 of the Motor Vehicle Code, provides in relevant part:

§ 4941. Maximum gross weight of vehicles

(a) General rule.—No vehicle shall, when operated upon a highway, have a gross weight exceeding 80,000 pounds, and no combination driven upon a highway shall have a gross weight exceeding 80,000 pounds, or the applicable weight as set forth in subsection (b) or (c), whichever is less.

75 Pa.C.S.A. § 4941(a). Furthermore, Section 4981 of the Vehicle Code provides, in pertinent part:

§ 4981. Weighing and measurement of vehicles

(a) Authority of police officers and qualified department employees.—A police officer or qualified department employee is authorized to require the driver of a vehicle or combination to stop and submit the vehicle or combination to be measured and weighed. Weighing may be done by using either portable or stationary scales, provided that when portable scales more than one inch in height are used, sufficient ramp blocks shall be made available to allow the vehicle or combination to mount the scales safely. The weighing shall be conducted by qualified personnel who have been trained in the use of weighing equipment in a training program approved by an agency of the Commonwealth. The personnel performing the weighing on all highways and interstates in this Commonwealth shall inform the drivers of the vehicle of the right to readjust or rearrange the load under section 4982(c) (relating to reducing or readjusting loads of vehicles). The driver or owner, if present, of a vehicle or combination may, at the time of weighing, witness in

does not include Appellant's 1925(b) statement, we conclude that one was submitted based on the language in the Court's 1925(a) opinion, filed March 14, 2002, indicating and addressing the issues raised by Appellant in his 1925(b) statement. Thus, we find the issues on appeal are properly before us and as such, we review the merits of the claims.

an orderly fashion the weighing procedure. If the driver wishes to witness the procedure from outside the cab of the vehicle, he shall be required to turn off the engine, put the transmission in gear and set the emergency brake before leaving the cab. A police officer or qualified department employee may require that a vehicle or combination be driven to the nearest stationary scales if the scales are within two miles.

75 Pa.C.S.A. § 4981(a).

¶ 7 The language included in 75 Pa.C.S.A. § 4981(a) indeed provides that "[A] police officer or qualified department employee may require that a vehicle or combination be driven to the nearest stationary scales if the scales are within two miles." This Court has addressed the issue of the two-mile standard as used in this provision in *Commonwealth v. Tirpak*, 271 Pa.Super. 357, 413 A.2d 705 (1979). In *Commonwealth v. Tirpak*, the driver argued that his conviction under 75 Pa.C.S.A. § 4941(a) must be set aside because the evidence was insufficient to show beyond a reasonable doubt that the Officer directed him to scales within two miles of the place where he was stopped. *Tirpak*, 413 A.2d at 706. We concluded that the section of 75 Pa.C.S.A. § 4981(a) referenced is directory only, not mandatory. *Id.* Thus, the conviction was not set aside. In reaching this conclusion, we stated:

There is no reason to make validity of conviction for operating an overweight vehicle upon a public highway turn on whether the driver has been put to some small extra inconvenience in taking his vehicle to be weighed.

*Id.* at 707.

■ ¶ 8 We are bound by the holding in *Tirpak* to conclude that the two-mile provision of § 4981(a) is not mandatory, but simply directory. Because the provision is directory only, we find no violation of due process standards resulting from the actions of Officer Greely. Thus, we find this claim to lack merit.

■ ¶ 9 Appellant next argues that using the stationary scales at Steel Technologies to weigh his vehicle, and convicting Appellant using that measurement, was a violation of 75 Pa.C.S.A. § 4981. Appellant's Brief at 6–7. Appellant maintains this was a violation because the stationary scales had not been certified by the State. *Id.*

¶ 10 Review of 75 Pa.C.S.A. § 4981 reveals that only portable scales are required to be certified for accuracy by the Department of General Services. Section 4981(e) provides:

(e) Certification of accuracy of portable scales.—Portable scales shall be calibrated every 90 days for the purpose of certification of accuracy by the Department of General Services. A certificate from the Department of General Services showing that portable scales were calibrated and found to be accurate shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this chapter is charged.

75 Pa.C.S.A. § 4981(e). There is no similar provision regarding certification of stationary scales. The statute provides that the Department of Transportation may contract with persons or local authorities to use their scales. 75 Pa.C.S.A. § 4981(b). If the legislature had intended to require that stationary scales be certified, such language would have been included in the statute. It is not our place to now require that which the legislature has not.

¶ 11 We also note that § 4981 includes a provision allowing for reweighing at the request of the driver or owner whenever

scales not operated by the Commonwealth are used. That provision provides:

> (d) Reweighing at request of driver or owner.—Whenever scales operated by other than the department indicated that a vehicle, wheel, axle or pair of axles is overweight, the driver or owner may elect to have the vehicle reweighed on the nearest available scales which have been certified by the Department of Agriculture. The lower reading of the two scales shall determine whether charges shall be filed under this section.

75 Pa.C.S.A. § 4981(d). Thus, it appears that the legislature had contemplated that scales operated and certified by others than the Commonwealth be used in weighing vehicles.[2] Because there is no requirement that stationary scales be certified, we find that there was no violation of the statute.

¶ 12 In his third issue presented, Appellant asserts that the trial court erred in preventing him the opportunity to fully cross examine Officer Greely. Although Appellant raises this issue in his statement of questions involved, Appellant fails to address this claim in the Argument section of his brief. Because Appellant has not developed this argument in any way, we decline to review the issue. *See Commonwealth v. LaCava,* 542 Pa. 160, 666 A.2d 221, 235 (1995) (failure to sufficiently explain claim waives consideration of claim); *Commonwealth v. Ragan,* 538 Pa. 2, 645 A.2d 811, 828 (1994) (failure to elaborate on mere assertion renders claim waived).

¶ 13 Judgment of sentence affirmed.

---

**2.** We note that Appellant had available to him the redress of requesting a reweighing, but failed to do so.