**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Deidre DOUGLAS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2003.

Filed Oct. 28, 2003.

Daniel P. Alva, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, and Hugh Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, KLEIN, and TAMILIA, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal *nunc pro tunc* from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following Appellant's conviction by a jury of causing and risking a catastrophe.[1] Herein, Appellant contends that the trial court erred in excluding psychiatric expert testimony on the "Battered Woman Syndrome" and the defense of duress. We find the issues to be waived, and, therefore, we affirm the judgment of sentence.

¶ 2 Following an arson fire that occurred on June 2, 1999, at the home of Margaret Bridges, Appellant and co-defendants Joyce Schofield and Steven Davis were charged with murder, two counts of attempted murder, two counts of arson, two counts of aggravated assault, criminal conspiracy, possessing instruments of crime, and causing and risking a catastrophe. On July 13, 2000, Appellant proceeded to a jury trial, following which Appellant was convicted of causing and risking a catastrophe. On October 26, 2000, Appellant was sentenced to a two to four year term of imprisonment.

¶ 3 Appellant filed a motion for reconsideration, which was denied by the court on December 12, 2000. On January 30, 2001, Appellant filed a motion seeking permission to file an appeal *nunc pro tunc*, which the trial court granted. This appeal followed.

¶ 4 By order dated March 15, 2001, the trial court directed Appellant to file a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b). On September 28, 2001, the trial court filed a Pa.R.A.P. 1925(a) opinion, indicating it received a Pa.R.A.P. 1925(b) statement from Appellant. However, a review of the docket sheets and the certified record reveals that Appellant failed to file a statement with the clerk of courts.

¶ 5 Pennsylvania Rule of Appellate Procedure 1925(b) provides as follows:

**(b) Direction to File Statement of Matters Complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of matters complained of on appeal no later than 14 days after entry of such order. A fail-

---

1. Appellant has filed her notice of appeal from the order granting her the right to appeal her judgment of sentence *nunc pro tunc*. This is technically an appeal from her judgment of sentence. *Commonwealth v. Markle*, 368 Pa.Super. 142, 533 A.2d 756 (1987).

ure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Pa.R.A.P. 1925(b) (emphasis in original). In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), the Supreme Court interpreted Rule 1925(b) and established a clear rule for waiver by stating that any issues not raised in a court-ordered Pa. R.A.P. 1925(b) statement will be considered waived on appeal. Recently, in *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002), the Pennsylvania Supreme Court held that:

> In *Lord*, . . . [the Supreme] Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925. '[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement *will be deemed waived*.' Thus, waiver under Rule 1925 is automatic.

*Butler*, 571 Pa. at 445, 812 A.2d at 633 (quotation omitted) (emphasis in original). In *Butler*, the Supreme Court also discussed the dual requirement of Pa.R.A.P. 1925(b). Specifically, the Supreme Court stated: "Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge. Rather, Rule 1925(b) requires appellants to 'file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal...." *Butler*, 571 Pa. at 446–447, 812 A.2d at 634 (quotation omitted). The Supreme Court's holding in *Butler* means that when an appellant fails to serve a court-ordered Pa. R.A.P. 1925(b) statement upon the trial court judge and file such with the clerk of courts, the issues are waived as if the appellant failed to file a Pa.R.A.P. 1925(b) statement at all. *Butler* seals by *stare decisis* the mandatory nature of *Lord* and eliminates any vestige of discretion.

¶ 6 This Court has recognized the binding nature of the Supreme Court's holdings in *Butler*. Specifically, in *Bryant v. Glazier Supermarkets, Inc.*, 823 A.2d 154 (Pa.Super.2003), citing to the Supreme Court's decision in *Butler*, this Court concluded that an appellant waived its issues on appeal because it failed to file properly a court-ordered Pa.R.A.P. 1925(b) statement.[2] This Court specifically concluded that handing a Pa.R.A.P. 1925(b) statement to the trial court judge was insufficient to preserve the issues, and that, since the statement was not filed with the lower court prothonotary and made a part of the record, the issues were waived on appeal.[3]

¶ 7 In the case *sub judice*, Appellant failed to file a court-ordered Pa.R.A.P. 1925(b) statement with the clerk of courts, and, as such, it was not made a part of the certified record. Therefore, we conclude

---

**2.** We note that Pennsylvania Rule of Appellate Procedure 1925 applies equally to civil and criminal cases. That is, the fact *Bryant* was a civil case, and the case *sub judice* is a criminal case, is of no consequence for Rule 1925 purposes.

**3.** We note that, even prior to the Supreme Court's decision in *Butler*, this Court applied similar reasoning enunciated in *Butler* and concluded that an appellant had waived all of its issues on appeal because, even though it filed a court-ordered Pa.R.A.P. 1925(b) statement with the trial court judge, it failed to file the statement with the lower court's prothonotary. *Everett Cash Mutual Insurance Co. v. T.H.E. Insurance Co.*, 804 A.2d 31 (Pa.Super.2002). This Court reasoned that the filing requirement of Rule 1925 is distinct from the service requirement and that the appellant had the obligation to ensure that the certified record contained all necessary documents.

that Appellant has waived all of her issues on appeal.

¶ 8 We note that there exists a body of case law which indicates that, under certain circumstances, waiver may be excused if an appellant can demonstrate that he/she never received proper notice of the trial court's Pa.R.A.P. 1925(b) order. Specifically, in *Commonwealth v. Hess*, 570 Pa. 610, 810 A.2d 1249 (2002), the Supreme Court held:

> [I]t is axiomatic that in order for an appellant to be subject to waiver for failing to file a timely 1925(b) statement, the trial court must first issue a 1925(b) order directing him to do so . . . . [T]his Court [has] concluded that when a trial court enters such an order directing an appellant to file a 1925(b) statement, the clerk of courts has a mandatory duty to furnish copies of the order to each party or their attorney. In reaching this conclusion, we relied on Pa.R.Crim.P. 114 ("Rule 114") (formerly Pa.R.Crim.P. 9025), which sets forth the obligations of the clerk of courts as follows:
>
> > Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.

*Hess*, 570 Pa. at 615–616, 810 A.2d at 1252–1253 (citations, quotations, and emphasis omitted). However, the Supreme Court stressed that its decision was not meant to erode the mandatory nature of Pa.R.A.P. 1925(b). In fact, the Supreme Court specifically noted that its "decision today in no way suggests that a party's failure to file a Rule 1925(b) statement will be excused merely upon bald allegation that the party did not receive a 1925(b)

order." *Hess*, 570 Pa. at 619 n. 9, 810 A.2d at 1255 n. 9. The Supreme Court noted that the appellant in *Hess* alleged that he never received the trial court's Pa.R.A.P. 1925(b) order, he provided affidavits supporting his contention, including an affidavit from a district attorney, and he noted the clerk of courts' noncompliance with Rule 114. *See id.* The Supreme Court's concern in *Hess* is that an appellant must have actual notice that he/she has been ordered to file a Pa.R.A.P. 1925(b) statement and proof of such notice includes evidence that the clerk of courts served the Pa.R.A.P. 1925(b) order upon the parties or attorneys.

¶ 9 In the case *sub judice*, unlike in *Hess*, Appellant has made no allegation that she did not receive the trial court's Pa.R.A.P. 1925(b) order, and, in fact, she filed a statement with the trial court judge. A common senses approach leads one to conclude that, if Appellant was aware that she should file a statement with the trial court judge, she should have been aware that she should also file one with the clerk of courts as well. A simple reading of Pa.R.A.P. 1925(b) supports this conclusion. Therefore, based on all of the aforementioned, we conclude that Appellant has waived her claims on appeal.

¶ 10 Affirmed.

¶ 11 KLEIN, J., Files a Dissenting Opinion.

## DISSENTING OPINION BY KLEIN, J.:

¶ 1 I respectfully dissent from the majority's opinion deeming all issues waived for Appellant's failure to file a 1925(b) statement with the lower court.

¶ 2 In this case, it is clear that the trial judge received Douglas' 1925(b) statement and discussed the issues in his opinion. Moreover, I do not believe that *Common-*

*wealth v. Butler*, 571 Pa. 441, 812 A.2d 631 (2002), *Bryant v. Glazier Supermarkets Inc.*, 823 A.2d 154 (Pa.Super.2003), and *Everett Cash Mutual Ins. Co. v. T.H.E. Ins. Co.*, 804 A.2d 31 (Pa.Super.2002), are dispositive of this case. The cases are not only factually distinguishable, but the allegedly relevant legal holdings are *dicta*. As a result, we are required to reach the merits of this appeal and not find waiver.

¶ 3 The seminal case interpreting Pa. R.A.P. 1925(b), *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), states:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appeallte [sic] review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Id.* at 308. *See also Bryant*, 823 A.2d at 157 (Klein, J., dissenting). To this end, I am confident that the trial court has fully identified and focused upon the issues raised by Douglas on appeal. Our court was not impeded in any way from addressing those claims and reaching a result on appeal. Accordingly, to find Douglas' issues waived not only departs from the rationale behind *Lord* and its progeny, but also does a disservice to appellants whose claims are very clearly reviewable and to justice whose hand is not carried out by resolution of those issues on appeal.

¶ 4 With regard to *Butler*, I first note the fact that the *holding* of *Butler* was that 1925(b) applied to collateral appeals as well as direct appeals. Unlike Douglas, in *Butler* (1) there was *no* 1925(b) statement filed; and, therefore (2) the trial court had to rely on the PCRA petition itself for its opinion. The language saying that merely mailing a Rule 1925(b) petition is not enough is mere *dicta*, because in *Butler*, there was absolutely *no* 1925(b) statement, filed *or* mailed. That is not the case in Douglas. Moreover, other language in *Butler supports* my position in this case. The court in *Butler* quoted *Lord*, saying, "the purpose of Rule 1925 is 'to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal.'" Since the judge received and addressed the 1925(b) statement in the opinion, that purpose was met.

¶ 5 *Bryant* is likewise distinguishable from the instant case. While the appellant's 1925(b) statement was filed late, the trial judge said that she considered the issues waived. I note that President Judge Del Sole also wrote *Commonwealth v. Hawkins*, 810 A.2d 668 (Pa.Super.2002), in which he pointed out that although the record did not include the 1925(b) statement, "we conclude that one was submitted based on the language in the Court's 1925(a) opinion...".[4] Therefore, were we to reach the opposite conclusion in this case, we would be in conflict with *Hawkins*.

4. In *Hawkins*, the court stated:
   We note that Appellant was ordered to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), by Order dated November 5, 2001. While the record does not include Appellant's 1925(b) statement, we conclude that one was submitted based on the language in the Court's 1925(a) opinion, filed March 14, 2002, indicating and addressing the issues raised by Appellant in his 1925(b) statement. Thus,

we find the issues on appeal are properly before us and as such, we review the merits of the claims.
*Id.* at 669 n. 1. *See also Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000), *app. denied*, 568 Pa. 658, 795 A.2d 973 (2000) (although appellant's 1925(b) statement was untimely, trial court's subsequent opinion discussed issue raised and therefore there was no impediment to meaningful appellate review).

¶ 6 Finally, in *Everett,* our court was really focusing on the distinction between the filing requirement and the service requirement of a 1925(b) statement. Unlike the defendant in this case, the appellant in *Everett* failed to file a 1925(b) statement at all, and, so failed to ensure that the 1925(b) statement was made part of the certified record. The filing requirement, the court stated, ensures that the statement becomes part of the certified record—which is all that we can consider on appeal. Moreover, unlike the facts in the present case, there is no indication in the *Everett* decision as to whether the trial court in fact filed a 1925(a) opinion and addressed any issues raised by appellant on appeal.

¶ 7 Presently, Douglas did in fact file a 1925(b) statement, albeit late. Moreover, the trial judge acknowledges this statement, the issues contained therein, and then proceeds to address these issues in a 1925(a) opinion. Under these circumstances, I believe we are being derelict in our duty as a reviewing court to find waiver. If a trial court understands the issues and has provided this Court with an explanation for its order in the 1925(a) opinion, we are able to conduct meaningful appellate review and need not be concerned with the timeliness of the filing of the statement. To do otherwise undermines the integrity of this Court and confidence in the appellate review process.

¶ 8 A trial court has the option as to whether to request a 1925(b) statement of matters complained of on appeal. Although the trial court may ask for a 1925(b) statement to identify what will be at issue on appeal, we rely on the trial court's 1925(a) opinion for meaningful appellate review. That is why Rule 1925(b) is permissive, but Rule 1925(a) is mandatory. *Compare* Pa.R.A.P. 1925(b) *with* 1925(a). It is the 1925(a) *opinion* that

enhances this Court's appellate review process. *See Lord, supra.* Here, where the trial court obviously had the benefit of a 1925(b) statement and the record reflects that because the trial judge discussed those issues, there is no reason to deem them waived. For these compelling reasons, I dissent.