J-S56038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YOMMIL DEJESUS-KITCHEN | : | |
| | : | |
| Appellant | : | No. 3161 EDA 2018 |

Appeal from the PCRA Order Entered February 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010103-2015

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 06, 2019**

Yommil DeJesus-Kitchen appeals from the order that dismissed a timely first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 petition. Appellant claims that the PCRA court erred in dismissing his claims challenging (1) the weight and sufficiency of the evidence supporting his guilty plea, (2) an aggravated range sentence, (3) plea counsel's ineffective assistance, (4) prior PCRA counsel's failure to file a Pa.R.A.P. 1925(b) statement, and (5) plea and PCRA counsel's failure to investigate witnesses.  For the reasons that follow, we remand this matter to the PCRA court for clarification of the record.

According to the PCRA court opinion, the Commonwealth charged Appellant with sexual offenses in the instant case.  The Commonwealth also charged Appellant with aggravated assault and possession of a firearm at CP-51-CR-0008666-2015 (8666-2015).  Furthermore, Appellant was also on probation in a prior case at CP-51-CR-0010593-2014 (10593-2014).

Appellant was represented by plea counsel, Andrew Montroy, Esq., and proceeded to a hearing on April 12, 2016, on all three cases. In the instant case, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse and false imprisonment[1] with a recommended sentence of eight to sixteen years' imprisonment, followed by ten years' probation. At the conclusion of the hearing, the trial court sentenced Appellant to the agreed upon sentences in the instant case. The trial court also imposed separate sentences in 8666-2015 and on the probation violation in 10593-2014.

According to the PCRA court, Appellant timely filed a *pro se* PCRA petition on March 13, 2017, seeking relief in all three cases. However, the docket in the instant case does not show that a petition was filed, and the record does not contain the petition.

The docket reflects that the PCRA court appointed Mark Wayne Franklin Adams, Esq., (prior PCRA counsel) to represent Appellant. Prior PCRA counsel entered an appearance on May 16, 2017, but subsequently filed a motion to withdraw and **Turner/Finley**[2] letter, a copy of which was docketed and filed in this case.

The PCRA court asserts that "due to a scheduling error, th[e instant case] was listed separately from [8666-2015 and 10593-2014], which were

---

[1] 18 Pa.C.S. § 3121(a)(1) and 18 Pa.C.S. § 2903, respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

formally dismissed on March 13, 2018." PCRA Ct. Op., 5/2/19, at 1-2. Although a Pa.R.Crim.P. 907 notice of intent to dismiss was not filed in the instant case, the record contains Appellant's March 22, 2018 *pro se* response,[3] which was docketed on that same date.

In his *pro se* response, Appellant argued that the trial court failed to conduct a proper colloquy in this case. Appellant also alleged that he did not know his guilty pleas included a plea to sexual offenses. Appellant identified Ruben Cotto as a witness to Appellant's discussions with plea counsel. Additionally, Appellant asserted that he identified witnesses Laura Isaac, Glorian Traverson, and Luis Vasquez, who would testify as to his actual innocence, or testify "against the Commonwealth's theories regarding the sexual abuse charge." Resp. to Notice to Dismiss, 3/22/18, at 3 (unpaginated). According to Appellant, Isaac and Cotto would support his claim that he believed his pleas would not include sexual offenses. Appellant referred to exhibits or attachments to his *pro se* response that are not contained in the record, including affidavits by Isaac and Cotto, referred to as Exhibits B and C, respectively.

Additionally, Appellant indicated that prior PCRA counsel was ineffective for failing to consult with him, and Appellant was not able to relay the fact that off-the-record discussions induced him to plead guilty in the instant case.

---

[3] Appellant captioned his *pro se* response with the docket numbers 8666-2015 and 10103-2015.

- 3 -

Appellant also asserted that prior PCRA counsel could not have communicated with him effectively due to a language barrier.

On May 1, 2018, Appellant wrote the PCRA court inquiring about the status of the instant case and the case at 866-2015. On September 13, 2018, the PCRA court held a video conference. The PCRA court issued a Rule 907 notice on September 13, 2018, and a second Rule 907 notice on October 12, 2018, but it did not address prior PCRA counsel's motion to withdraw.

Prior to the entry of the dismissal order in the instant case, Appellant filed a *pro se* notice of appeal in this Court on October 25, 2018.[4] The Court of Common Pleas docket reveals that the PCRA court subsequently dismissed

_____

[4] Although Appellant prematurely filed his notice of appeal from the PCRA court's Rule 907 notice, the PCRA court subsequently dismissed the petition. Therefore, we will not quash this appeal. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting a premature notice of appeal filed after the entry of Rule 907 notice but before the entry of a final order dismissing a PCRA petition). We add that while Appellant was technically represented by prior PCRA counsel when he filed the *pro se* notice of appeal, we will not consider Appellant's notice of appeal to be a nullity. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

We also acknowledge that the Pennsylvania Supreme Court held that in cases after June 1, 2018, separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). Here, however, the PCRA court's order dismissed the instant case alone. Furthermore, Appellant's *pro se* notice of appeal listed the docket number of the instant case alone, and there is no indication that Appellant intended to appeal the dismissal of his PCRA petition with respect to 8666-2015 and 10593-2014. Therefore, the failure to file separate notices of appeal in 8666-2015 and 10593-2014 do not require quashal.

the PCRA petition in the instant case on November 14, 2018, although a copy of the order is not contained in the record.

On January 11, 2019, this Court remanded the matter to the PCRA court to determine the status of prior PCRA counsel. On January 22, 2019, the PCRA court granted prior PCRA counsel's motion to withdraw. On February 25, 2019, the PCRA court issued an order requiring Appellant to file and serve a Pa.R.A.P. 1925(b) statement. That order advised Appellant of the requirement that a Rule 1925(b) statement be filed within twenty-one days and cautioned Appellant that the failure to comply could result in waiver.

On March 25, 2019, present counsel entered an appearance on Appellant's behalf. Present counsel filed a Rule 1925(b) statement on April 4, 2019.

Before addressing Appellant's issues in this appeal, we reiterate that the *pro se* PCRA petition commencing this proceeding was not docketed and is not contained in the record. Therefore, we are constrained to remand this matter for the PCRA court to determine whether Appellant properly filed the petition in this case. ***See*** Pa.R.A.P. 1926(b)(1).

Furthermore, we note that Appellant's counseled Rule 1925(b) statement was not filed within twenty-one days of the PCRA court's February 25, 2019 order. Rather, present counsel entered his appearance on March 25, 2019 and filed the Rule 1925(b) statement on April 4, 2019.

Here, the record shows that the PCRA court issued an order for the filing and service of a Rule 1925(b) statement, which included a certificate of service

indicating that the trial court personally served the order on Appellant. However, the docket does not indicate that Appellant was served. Instead, the docket indicates that prior PCRA counsel, who was previously permitted to withdraw from representation, was served with the order. Moreover, the docket does not indicate the date of service.

Under these circumstances, it may also be necessary for the PCRA court to determine whether Appellant was properly notified of the order requiring the filing of a Rule 1925(b) statement. *See* Pa.R.Crim.P. 114(B)-(C); *compare Commonwealth v. Hess*, 810 A.2d 1249, 1254 (Pa. 2002) (declining to find waiver for failing to file a Rule 1925(b) statement where the docket did not show compliance with the mandatory requirements of Rule 114) *with Commonwealth v. Douglas*, 835 A.2d 742, 745 (Pa. Super. 2003) (distinguishing *Hess* where the appellant made no allegation that she did not receive the trial court's order). If the PCRA court determines that service was proper, it shall then consider whether the Rule 1925(b) statement should be deemed timely under the circumstances of this case. *See* Pa.R.A.P. 1925(c)(1).

Lastly, Appellant's March 22, 2018 *pro se* response referred to exhibits that are not contained in the record for the instant case. Given the unique circumstances of this case, it is unclear whether a more complete copy of Appellant's *pro se* response may exist in a separate record for one of the related Court of Common Pleas dockets. Therefore, if the PCRA court determines that Appellant properly filed his *pro se* PCRA petition in the instant

case, the PCRA court should also determine whether it is appropriate to supplement the record in this case to include any exhibits to Appellant's *pro se* response.

In sum, we will remand the record in this matter to the PCRA court for a period of sixty days. The PCRA court shall clarify whether Appellant properly filed a *pro se* PCRA petition in the instant case. If so, the PCRA court shall correct the docket to reflect the filing of the petition and include a copy of the *pro se* PCRA petition in a supplemental record.

If the PCRA court finds that the underlying PCRA proceeding was properly commenced in this case, the PCRA court shall consider whether the February 25, 2019 order requiring a Rule 1925(b) statement was properly served, and if so, whether Appellant timely filed the Rule 1925(b) statement in the instant case. The PCRA court shall also determine whether the record contains a complete copy of Appellant's March 22, 2018 *pro se* response, and, in particular, consider whether Appellant filed Exhibits B and C as part of his response and whether it is necessary to correct the record to include those documents.

The PCRA court shall issue a supplemental opinion that includes its facts and conclusions with respect to the clarification and correction of the record within sixty days of the date of this decision.

Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/19