J-A02013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY CLAYTO MASON JR. | : | |
| | : | |
| Appellant | : | No. 261 WDA 2025 |

Appeal from the Judgment of Sentence Entered February 24, 2025
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-SA-0001546-2024

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                    **FILED: APRIL 2, 2026**

Appellant, Stanley Clayto Mason, Jr., *pro se*, appeals from the judgment of sentence imposed following his summary conviction for violating 75 Pa.C.S.A. § 3111(a) (relating to obedience to traffic-control devices).  Upon review, we affirm.

The trial court summarized the relevant background as follows.

During the *de novo* hearing on February 24, 2025, Trooper Andrew Brown testified that on September 30, 2024, he witnessed [Appellant] make a left turn in the Edgewood-Swissvale area on South Braddock Avenue where a no-left-turn sign was posted. The sign was on the side of the road and was clearly visible.  The traffic violation occurred in the daylight at 5:23 p.m.  [Appellant] acknowledged that there was a no-left-turn sign posted where he made his left turn, but said he did not see it because it was too small.

Pursuant to 75 Pa.C.S.A. § 3111(a), ". . . the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title . . . ."  The penalty for a violation of this statute is a fine of

J-A02013-26

> $150.00. I found Trooper Brown's testimony that the sign was clearly visible to be credible.
>
> By Order dated March 24, 2025, [Appellant] was ordered to file a Concise Statement of Errors Complained of on Appeal within 21 days. As of this writing, [Appellant] has failed to do so. All issues have therefore been waived. ***Com. v. Lord***, 719 A.2d 306, 309 (Pa. 1988).

Trial Court Opinion, 4/29/25 at 1-2.

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002) (citation omitted). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Id.*** (citation omitted).

A review of the record confirms indeed that the trial court ordered Appellant to file a concise statement of matters complained of on appeal, that the order complied with the requirements set forth in Pa.R.A.P. 1925(b)(3), and that Appellant failed to file said statement. Accordingly, we agree with the trial court that Appellant waived all issues for appellate review. ***See***, ***e.g.***, ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (appellant who fails to file a timely Pa.R.A.P. 1925(b) statement as ordered by the trial court waives all issues for purposes of appellate review); ***Commonwealth v. Auchmuty***, 799 A.2d 823, 825 (Pa. Super. 2002) ("[a]ppellant's failure to file a Rule 1925(b) statement resulted in waiver of all issues on appeal");

- 2 -

***Commonwealth v. Douglass***, 835 A.2d 742, 744-45 (Pa. Super. 2008) (failure to file a court-ordered Pa.R.A.P. 1925(b) statement results in waiver of all issues for appellate review).

As Appellant failed to file a Rule 1925(b) statement despite being ordered to do so, we are precluded from addressing any of the issues presented and, thus, must affirm the judgment of sentence.

Even if not waived, Appellant's substantial failures to comply with the briefing requirements articulated in the Rules of Appellate Procedure (Pa.R.A.P. 2111-2119) mandate quashal of the instant appeal. "[A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005); ***see also*** Pa.R.A.P. 2101, which provides that "[b]riefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."[1]

---

[1] While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). *(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/2/2026

---

Therefore, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id.*** at 252.